CAMPBELL, Judge.
Appellant appeals from his five-year sentence imposed upon a finding of a probation violation. Appellant, who was sixteen years old at the time, was initially charged by the state attorney on a direct information for burglary. Appellant was represented by the public defender, and as a result of a negotiated plea of guilty, adjudication was withheld and appellant was placed on three years’ probation. One condition of probation was that appellant reside in the county jail for sixty days. Subsequently, an affidavit of probation violation was filed charging appellant with petit theft. Finding that appellant had violated his probation, the trial court revoked the probation, adjudicated appellant guilty and sentenced him to five years in the state prison system.
The basis of this appeal is that the trial court did not follow the procedures set out in section 39.111(6), Florida Statutes (1979), either at the time the initial adult sanction was imposed on appellant or at the time probation was revoked and he was sentenced to the five-year prison term.
The circuit court, criminal division, properly had jurisdiction by reason of the direct information filed against appellant by the state attorney. State v. Cain, 381 So.2d 1361 (Fla.1980). Once the criminal division properly had jurisdiction, any omission by it in complying with statutory directions would not affect jurisdiction. The power to adjudicate includes the authority to rule both correctly and incorrectly. State ex rel. Pearson v. Johnson, 334 So.2d 54 (Fla. 4th DCA 1976). Appellant’s remedy for the court’s failure to follow section 39.111(6) when it imposed the adult sanction, placing him on three years’ probation with sixty days to be served in the county jail, would have been to appeal. State ex rel. Pearson v. Johnson. Failure by appellant to do so waived any error by the court in not following the procedures of section 39.111(6) at that time.
Section 39.02(5)(d) provides as follows:
Once a child has been transferred for criminal prosecution pursuant to a waiver hearing, indictment, or information and has been found to have committed the offense for which he is transferred or a lesser included offense, the child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law.
*1108 The court was not required to follow the procedures of section 39.111(6) to revoke the original probation and sentence the appellant as a result of the affidavit charging a probation violation for the commission of a subsequent offense. It is only when the court initially imposes an adult sanction that those procedures are required and appellant’s failure to appeal waived this requirement.
The judgment and sentence of the trial court is, therefore, affirmed.
OTT, J., concurs specially with opinion.
GRIMES, A.C.J., dissents with opinion.