WIGGINTON, Judge.
Appellant appeals her departure sentence which was imposed after her second violation of probation. We affirm.
When appellant was originally convicted of forgery after entry of a guilty plea in December 1985, her guidelines sentence fell within the non-state prison category. At that time, she was sentenced within the guidelines to three years’ probation, one condition of which required that she enroll in and successfully complete a drug treatment program. Within two weeks, she had failed to comply with that condition and, after a hearing, the trial judge announced his intention to sentence her within the next higher guidelines cell, as provided in rule 3.701(d)(14), Florida Rules of Criminal Procedure, by imposing a 30-month prison sentence upon her. Her counsel implored the court to reconsider the sentence and allow her another chance to complete the drug program. After discussing that option with appellant, the trial judge agreed, and he warned appellant that if she failed a second time to complete the program, he would jump two cells and sentence her to four years in prison. Appellant specifically agreed with that arrangement. Thereupon, the trial judge revoked her probation and sentenced her to four years in prison but suspended the sentence in accordance with the above agreement, provided that appellant complete the drug treatment program.
In March 1986, a second warrant for violation of probation was filed against appellant for a second failure to successfully complete the drug program. The trial judge then revoked her probation and sentenced her to four years in prison as previously agreed. In Yarberry v. State, 496 So.2d 236 (Fla. 1st DCA 1986), this Court reversed that latter sentencing order for failure to give written reasons for departure and remanded.
After a hearing on remand, the trial judge imposed the same 4-year sentence and attached written reasons for departure setting forth the history of the case showing that appellant had twice violated her probation and that the 4-year sentence was in accordance with the agreement reached by appellant and her attorney at the time of the hearing on the first violation. We find the reasons given to be clear and convincing grounds for departure under rule 3.701.
In Pentaude v. State, 500 So.2d 526 (Fla. 1987), the court declared that Rule 3.701(d)(14) does not prohibit a guidelines departure of more than one cell when valid reasons for departure exist. Under the circumstances of the instant case, appellant’s two time violation of probation within three months is a sufficient ground for departure. In DePaul v. State, 505 So.2d 659 (Fla. 2d DCA 1987), the court reaffirmed, as declared in Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985), that repeated violations of probation alone may constitute sufficient grounds to support a departure sentence and that reasons relating to a defendant’s resistance to rehabilitation may justify departure. In Gissen-daner v. State, 504 So.2d 474 (Fla. 1st DCA 1987), the court, relying in part on Pen-taude, upheld a departure of more than one cell based on a violation of community control, noting especially that the defend *1119 ant’s conduct in violating community control was in direct contravention of an express directive of the court, as here.
Further, an agreement between a defendant and the trial judge to a sentence in excess of the guidelines can constitute a clear and convincing reason for departure. Compare Lawson v. State, 497 So.2d 288 (Fla. 1st DCA 1986), Houston v. State, 502 So.2d 977 (Fla. 1st DCA 1987), Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986); and Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984). While the above-cited cases involved negotiated pleas whereas the instant case involves merely an agreement at sentencing on the violation of probation, the same considerations apply to the circumstances of the instant case since, as in a negotiated plea, appellant agreed to the ultimate sentence in exchange for a benefit at the time of her first violation of probation hearing.
AFFIRMED.
JOANOS, J., and WILLIS, BEN C. (Ret.), Associate Judge, concur.