519 So.2d 677 (1988)
Duane GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-970.
District Court of Appeal of Florida, Second District.
January 22, 1988.
*678 James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
The juvenile defendant appeals the revocation of his probation and the convictions and sentences imposed. We affirm the revocation, convictions and sentences, with the exceptions noted below.
The written order of probation revocation and the written judgment and sentence include a reference to a charge of burglary which was not one of the charges for which defendant was originally placed on probation. On remand those documents should be revised to delete all references to this burglary charge.
The order of revocation also refers to violations of conditions of probation concerning failure to pay costs of supervision, leaving the county without consent, and failure to pay restitution. At the probation revocation hearing, the trial court found that the state had not proven those violations, although violations of other conditions were proven. On remand the order should be revised to delete all references to violations of the three conditions listed above.
One issue raised by defendant on this appeal  that adult sanctions were improperly imposed upon him  should have been raised, if at all, in an appeal when defendant was originally placed on probation and is not appropriately raised in this appeal from a revocation of that probation. See Bailey v. State, 403 So.2d 1106 (Fla. 2d DCA 1981).
Defendant also contends that the trial court erred in imposing convictions and sentences for both grand theft and dealing in stolen property because both charges arose from the same course of conduct. If it is true that both charges involved the same scheme or course of conduct, then defendant is correct that he can be convicted of only one of the two charges. See § 812.025, Fla. Stat. (1985); Repetti v. State, 456 So.2d 1299 (Fla. 2d DCA 1984). Since we cannot conclusively determine from the record whether defendant's contention is correct, on remand the trial court should make that determination and, if appropriate, vacate one of the two convictions.
Defendant further contends that the sentence for several of the charges was an improper upward departure from the sentencing guidelines. Without giving written reasons, the trial court imposed a one-cell upward departure, apparently pursuant to the amendment to Florida Rule of Criminal Procedure 3.701 which authorized a one-cell upward departure for probation violation. However, since two of the crimes for which defendant's probation was revoked were committed prior to the effective date of that amendment, the amendment could not properly have been applied in this case. See Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Nonetheless, even prior to the amendment, a probation revocation could have been a valid basis for departure. Accordingly, the failure to designate the probation revocation as a written reason for departure in this situation was harmless error. See Peters v. State, 516 So.2d 60 (Fla. 2d DCA 1987).
DANAHY, C.J., and BOARDMAN, F. EDWARD (Ret.) J., concur.