PER CURIAM.
The appellant appeals convictions under trial court numbers 85-197-CF-A-33 and 86-207-CF-A-33 which are lodged in this court under the above file numbers. The appellant was originally convicted of aggravated battery, adjudication was withheld and he was given community control based upon an alleged plea agreement. He subsequently was charged with: Death by an impaired driver in violation of Section 316.193, Florida Statutes (1986); Vehicular Homicide in violation of Section 782.071, Florida Statutes (1985); Leaving the scene of an accident with personal injuries in violation of Section 316.027, Florida Statutes (1985); and Driving with a revoked or suspended license in violation of Section 322.34, Florida Statutes (1985). He pleaded nolo contendré to the charges of death by an impaired driver and leaving the scene of an accident. The remaining charges were nolle prossed. Thereupon, the trial court adjudicated him guilty on the aggravated battery charge and sentenced him to five years. The sentence was to run consecutively with the sentences imposed on the convictions of death by an impaired driver and leaving the scene of an accident. The appellant was sentenced on those charges to ten years and five years respectfully, said sentences to run concurrently. In entering both of the judgments, the court referred to crimes of which the defendant was not convicted. In sentencing the defendant under the sentencing guidelines, the trial court utilized two separate score sheets. This was erroneous. See Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984). Therefore, we reverse with directions to correct the judgments to properly recite the crimes for which the defendant was convicted and then to sentence the defendant in the death by impaired driver conviction in accordance with the provisions of Vileta v. State, supra. In so doing, the trial court should take into account any plea agreement that may have been made at the time of the original sentencing for aggravated battery as well as the applicable law. See Yarberry v. State, 510 So.2d 1117 (Fla. 1st DCA 1987); Lawson v. State, 497 So.2d 288 (Fla. 1st DCA 1986)
Reversed and remanded with directions.