WENTWORTH, Judge.
Appellant seeks review of sentences imposed for several new offenses and, after the revocation of probations and community control, for several prior offenses. Sentencing guidelines scoresheets had been previously prepared for some of the earlier offenses when appellant was placed on probation and community control, and the court did not utilize a new and comprehensive scoresheet when imposing the challenged sentences. The various offenses were all pending before the court for sentencing at the same time, and Fla.R. Crim.P. 3.701(d)(1) thus requires a current guidelines scoresheet covering all offenses. See Earp v. State, 522 So.2d 992 (Fla. 3d DCA 1988); Bembow v. State, 520 So.2d 312 (Fla. 2d DCA 1988); cf., Peters v. State, 531 So.2d 121 (Fla.1988). Appellant interposed no objection below, but the court’s obligation to use a guidelines score-sheet in connection with guidelines sentencing is a mandatory requirement which necessitates resentencing in this case.
The sentences imposed included a 257-day term of incarceration for the offense of culpable negligence. This offense was predicated upon the exposure of another person to personal injury and constitutes a second degree misdemeanor under section 784.05(1), Florida Statutes, punishable by a maximum term of incarceration for 60 days. See section 775.082(4)(b), Florida Statutes. Although the sentence does not extend appellant’s actual incarceration, due to a corresponding jail time credit of 257 days, it is an illegal sentence insofar as it exceeds the maximum statutory term. On remand appellant should be sentenced within the statutory maximum for this offense.
The parties also question the court’s authority to exceed the recommended guidelines sentence without providing written reasons. While Fla.R.Crim.P. 3.701(d)(14) allows a one cell increase upon the revocation of probation or community control, without the necessity of written reasons, this provision may not be retroactively applied. See Griffin v. State, 519 So.2d 677 (Fla. 2d DCA 1988). The opinion in Griffin does not indicate the date of the primary scored offense, but some of the offenses involved therein were committed before the 1985 amendment by which a one cell increase is now allowed. Some of appellant’s offenses were also committed before the effective date of this amendment, and on resentencing the amended rule may be applied only if the primary scored of *566 fense is one which occurred after the effective date of the amendment.
The challenged sentences are vacated and the cause is remanded for resentenc-ing.
ERVIN and MINER, JJ., concur.