585 So.2d 475 (1991)
Christopher THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 91-78, 91-80.
District Court of Appeal of Florida, Third District.
September 10, 1991.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
*476 Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
PER CURIAM.
Appellant, Christopher Thomas, appeals a revocation of probation. We affirm.
Appellant violated the terms of his probation by being convicted of other substantive crimes: burglary, theft, dealing in stolen property, attempted possession of cocaine, and sale of cocaine. Appellant contends that the trial court erred in revoking his probation, and in sentencing him, without entering a written order specifying the reasons for revocation.
We find no error. Rule 3.790, Florida Rules of Criminal Procedure prescribes the procedure for a revocation of probation, judgment, and sentence. Nothing in the rule requires a written order.
Appellant relies on cases where the trial court made oral pronouncements which did not conform to the written reasons provided. See Guerra v. State, 567 So.2d 62 (Fla. 3d DCA 1990); Esbenshade v. State, 494 So.2d 274 (Fla. 2d DCA 1986). Because of the inconsistencies between the oral pronouncements and the written orders, the revocations in those cases were reversed.
In this case, the order revoking probation contained no written reasons, and therefore no inconsistency. Accordingly, we find those cases to be inapplicable and affirm appellant's revocation of probation.
Affirmed.