629 So.2d 303 (1993)
Ronald T. GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03619.
District Court of Appeal of Florida, Second District.
December 22, 1993.
James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann P. Corcoran, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
The appellant challenges the sentence he received after multiple violations of probation. He raises three issues: (1) Whether the trial court erred in sentencing the appellant as an adult in 1986 when he was first placed on probation; (2) whether the trial court erred in exceeding the sentencing guidelines; and (3) whether the trial court erred in failing to give the appellant credit for three and one-half years time served in prison. We find no merit in the first issue, but we reverse as to the other two issues.
On April 2, 1986, the state attorney filed an information charging the appellant with robbery. The information alleged that the robbery occurred on December 3, 1985, the day before the appellant's eighteenth birthday.
The appellant pled guilty to the charge on June 30, 1986, and received five years' probation. After several violations of probation, the trial court revoked the appellant's probation on March 29, 1991. At the sentencing hearing, the state asserted that the guidelines were "three and one-half to four and one-half, with a permitted of two and one-half to five and one-half." The trial court sentenced the appellant to fifteen years in prison, giving as a reason that "the defendant has violated probation numerous times, thereby exhibiting a manifest refusal to abide by the terms and conditions of his probation." The appellant was given credit for 158 days time served.
In Griffin v. State, 519 So.2d 677 (Fla. 2d DCA 1988), this court held that the issue of whether adult sanctions were improperly *304 imposed upon a juvenile defendant must be raised, if at all, on appeal when the juvenile is originally placed on probation and the issue is not appropriately raised in an appeal from revocation of the probation. Accordingly, the appellant may not now raise the issue of the alleged impropriety in his original sentencing as an adult.
We agree that the trial court erred in exceeding the sentencing guidelines on the basis that "the defendant has violated probation numerous times, thereby exhibiting a manifest refusal to abide by the terms and conditions of his probation." That reason for imposing a departure sentence was disapproved by the supreme court in Williams v. State, 594 So.2d 273 (Fla. 1992). We agree with the appellant that he should receive a guidelines sentence based on his original scoresheet with that number of bump-ups equal to the number of his probation violations. Williams. Although the state claims that the appellant committed four probation violations, the appellant says that he committed only three. According to the appellant's original 1986 scoresheet, four violations would allow a bump-up sentence of incarceration up to seven years. Three violations would allow a term of incarceration up to five and one-half years.
We also agree with the appellant that the trial court erred in failing to give the appellant credit for time served on his 1989 sentence of three and one-half years on another offense. On January 20, 1989, the trial court imposed sentences on the appellant for the offense underlying his probation in this case and for another unrelated offense. The offense underlying probation in this case was scored on the scoresheet then used. The additional points put the appellant in a higher cell, which was the basis of the three-and-one-half-year sentence on the other offense. These facts entitle the appellant to the benefit of the supreme court's holding in Tripp v. State, 622 So.2d 941 (Fla. 1993). The trial court erred in denying the appellant credit for the time served with respect to the three-and-one-half-year sentence imposed on the unrelated offense in 1989. The appellant is entitled to receive not only credit for time served but also any earned gain time accrued under the three-and-one-half-year sentence pursuant to State v. Green, 547 So.2d 925 (Fla. 1989). The appellant's offense was committed before the effective date of section 948.06(6), Florida Statutes (Supp. 1990), which was enacted to counter Green.
For the foregoing reasons, we reverse the departure sentence and remand for resentencing based on the appellant's original sentencing guidelines scoresheet. If the trial court decides to bump up for probation violations, the trial court is directed to first determine what number of probation violations were committed by the appellant. Further, the trial court is directed to give the appellant credit for time served on the three-and-one-half-year sentence imposed in 1989.
Affirmed in part, reversed in part, and remanded with directions.
SCHOONOVER, J., and GALLEN, THOMAS M., Associate Judge, concur.