653 So.2d 453 (1995)
Carlos M. McCLOUD, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-587.
District Court of Appeal of Florida, Third District.
April 5, 1995.
*454 Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Doquyen T. Nguyen and Charles M. Fahlbusch, Asst. Attys. Gen., for appellee.
Before COPE, GERSTEN and GREEN, JJ.
COPE, Judge.
Carlos McCloud appeals an order revoking his probation and sentencing him to imprisonment. We affirm in part and reverse in part.
In 1992 defendant was charged as an adult with two felonies. He entered a plea of no contest. He was adjudicated guilty of the felony charges, and sentenced to a short term in county jail, followed by three years adult probation.
Thereafter, an affidavit of violation of probation was filed, alleging that the defendant had committed further criminal acts and had also been guilty of noncriminal violations of probation. After an evidentiary hearing, the trial court found that the defendant had violated his probation. The court revoked the probation and sentenced defendant to a term of seven years in prison.
In his first point on appeal defendant contends that the trial court erred by not stating which violations were proven.[1] This point on appeal has merit.
By affidavit of violation of probation and amended affidavit of violation of probation defendant was charged with:
1. Failure to report to the probation officer for the time period December 19, 1992  April, 1993;
2. Committing armed robbery, grand theft auto, and use of a firearm during commission of a felony as alleged in circuit court case no. 93-2058;
3. Committing burglary of a conveyance, grand theft vehicle, and resisting arrest without violence, as alleged in circuit court case no. 93-2058;
4. Failure to obtain gainful employment since November, 1992;
5. Committing burglary of a conveyance, grand theft vehicle, and resisting arrest without violence as alleged in circuit court case no. 93-3046.
At the probation revocation hearing the State adduced evidence in support of a number of the claims of violation. At the conclusion of the hearing the trial judge announced that he was revoking the defendant's probation. Defense counsel stated, "[W]e need to make specific findings for the record as to what he was found guilty of and how he was found guilty of violating his probation." The State argued that the court only had to "make a finding that by the preponderance of the evidence, you've found that the Defendant has violated probation, in one or more of the allegations of the affidavit." The trial court accepted the State's argument and simply made a finding that one or more of the grounds had been established and that the defendant had violated his probation. The court declined to specify which counts had been sustained and which counts had not been sustained.
The United States Supreme Court has stated that the due process requirements of a *455 probation revocation hearing include the following:
The probationer is entitled to written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.

Black v. Romano, 471 U.S. 606, 612, 105 S.Ct. 2254, 2258, 85 L.Ed.2d 636, 642-43 (1985) (citation omitted; emphasis added); accord Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761-62, 36 L.Ed.2d 656, 664 (1973); Hines v. State, 358 So.2d 183, 185 & n. 3 (Fla. 1978); Bernhardt v. State, 288 So.2d 490, 498-99 (Fla. 1974). See generally Batten v. State, 589 So.2d 1030 (Fla. 2d DCA 1991); Brewer v. State, 583 So.2d 814 (Fla. 1st DCA 1991); Donley v. State, 557 So.2d 943, 945 (Fla. 2d DCA 1990).
In accordance with Black v. Romano, we remand this case for entry of the required written statement. If, after entry of the written statement, the defendant contends that any of the grounds relied on by the trial court are not supported by the evidence, the defendant may appeal at that time. We do not at this time reach the defendant's contention that some of the grounds are not supported by the evidence.[2]
Defendant's second point on appeal asserts that at the time of the probation revocation hearing, the trial court was obliged to revisit one aspect of the earlier order placing the defendant on probation. We disagree.
Defendant was charged in February, 1992 with one case of grand theft motor vehicle and another case of aggravated battery. The State direct-filed both cases against defendant as an adult,[3] although he was a juvenile at that time.
In November, 1992 defendant entered into a plea agreement on both charges. He pled no contest in return for a sentence of nine months in the county jail, followed by three years probation. Given credit for time already served in jail, defendant was released at the time of the plea or soon thereafter. Defendant was adjudicated guilty of the charges against him, and no appeal was ever taken.[4] Accordingly, the convictions and sentences became final. Subsequently, defendant was arrested for committing new criminal offenses and the probation officer filed affidavits of violation of probation.
Defendant correctly points out that in the November, 1992 plea colloquy, there was no discussion of the findings required by subsection 39.059(7), Florida Statutes (1991), for the imposition of adult sanctions.[5] Defendant contends that since no such findings were made at the time of the November, 1992 sentencing, it was incumbent on the trial court to cure that deficiency at the time of the revocation of defendant's probation. Defendant contends that the trial court should have resentenced him in accordance with subsection 39.059(7).
We first note that this particular claim was never presented to the trial court at the time *456 of the revocation hearing. Consequently, the point is not properly preserved for appellate review. Even if it had been preserved, however, we conclude that the defendant would not be entitled to any relief on this point.
The relief sought by the defendant is not cognizable in a probation revocation proceeding. Here, the defendant was sentenced as an adult in November, 1992 and was adjudicated an adult felon at that time. The failure to make findings under subsection 39.059(7) "should have been raised, if at all, in an appeal when defendant was originally placed on probation and is not appropriately raised in this appeal from a revocation of that probation." Griffin v. State, 519 So.2d 677, 678 (Fla. 2d DCA 1988); accord Gilbert v. State, 629 So.2d 303, 304 (Fla. 2d DCA 1993), review denied, 639 So.2d 978 (Fla. 1994); Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991), review denied, 613 So.2d 5 (Fla. 1992); Bailey v. State, 403 So.2d 1106, 1108 (Fla. 2d DCA 1981); see also Goldsmith v. State, 613 So.2d 1327 (Fla. 1st DCA 1992) (failure to appeal adjudication of defendant as a habitual offender), review denied, 623 So.2d 494 (Fla. 1993); King v. State, 597 So.2d 309, 317 (Fla. 2d DCA) (en banc) (same), review denied, 602 So.2d 942 (Fla. 1992), approved on other grounds, McKnight v. State, 616 So.2d 31 (Fla. 1993).
By the time of the probation revocation, the order adjudicating defendant an adult felon and placing him on adult probation had become final. The November, 1992 order was not subject to collateral attack at the probation revocation proceeding. At the time of the revocation hearing, the questions before the court were whether defendant had violated his adult probation, whether probation should be revoked, and if so, what sentence should be imposed. Defendant is entitled to no relief on this point.
In sum, the probation revocation order is remanded with directions for the trial court to enter the written statement required by Black v. Romano and Gagnon v. Scarpelli, and to enter a corrected order. Defendant need not be present. Upon entry of the written statement and corrected order, defendant may appeal as to any findings of violations he contends are not supported by the evidence.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Defendant asserts that there was insufficient evidence to support a number of the violations enumerated in the affidavit of violation, and that consequently the unsupported violations should have been stricken.
[2] In Thomas v. State, 585 So.2d 475 (Fla. 3d DCA 1991), this court declined a defendant's request to remand for entry of "a written order specifying the reasons for revocation." Id. at 476. We distinguish that case for two reasons. First, there is no indication that in Thomas the requirements of Black v. Romano were called to the court's attention. Second, the Thomas opinion indicates that in that case, the trial court had stated for the record that the defendant had "violated the terms of his probation by being convicted of other substantive crimes: burglary, theft, dealing in stolen property, attempted possession of cocaine, and sale of cocaine." Id. The Thomas court evidently took the view that once the reasons for revocation had been stated on the record and transcribed, no useful purpose would be served by taking the additional step of entering a written order embodying the reasons already stated on the record. In the present case, by contrast, the trial court explicitly declined to make the required findings at all, so that the grounds relied on by the trial court in the present case were never stated for the record.
[3] See § 39.047(4)(e)(5), Fla. Stat. (1991).
[4] As part of the plea agreement, defendant waived his right to appeal.
[5] The making of findings under subsection 39.059(7) requires the entry of a written order. See Troutman v. State, 630 So.2d 528, 532 (Fla. 1993).