WHATLEY, Judge.
Glenn Byers challenges the sentence he received for violating his probation. He argues, and the state concedes, that his sentence must be reversed because it exceeds the sentencing guidelines’ range.
Byers pleaded guilty to robbery, burglary, and grand theft. All three offenses occurred on May 26, 1988. He was sentenced to 15 years of prison for the burglary, 2 years of prison consecutive for the grand theft, and 10 years of probation for the robbery. The probation was to be served consecutively to the prison sentences.
On September 22, 1994, an affidavit of violation of probation was filed alleging that Byers violated his probation by unlawfully escaping from the Hillsborough Correctional Institution.[1] After a hearing, the trial court found that Byers violated his probation in the robbery case, and it sentenced him to 15 years of prison for the violation. The sentence was ordered to run consecutively with any other sentence. Byers was not given credit for the time served on the previous 17-year sentence.
The guidelines seoresheet prepared for Byers’ original sentencing indicates a recommended range of 12-17 years. With a one-cell bump for the violation of probation, Byers’ recommended range is 17-22 years.[2] If credit for time served is not awarded, Byers’ total sentence for the three crimes is 32 years.
*295 If a term of probation on one offense is imposed consecutive to a prison term on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense. Tripp v. State, 622 So.2d 941 (Fla.1993). Here, because the trial court imposed a term of probation on the robbery offense consecutive to the prison terms on the .burglary and grand theft offenses, credit for time served on the first two offenses should have been awarded on the sentence imposed after revocation of probation on the robbery offense. Therefore, we reverse Byers’ sentence in the robbery case and remand the case for Byers to be given credit for time served on his first two offenses.
In addition, since the crime occurred in 1988, under Tripp, the credit for time served should include jail time actually served and gain time. See Gilbert v. State, 629 So.2d 303 (Fla. 2d DCA 1993), review denied, 639 So.2d 978 (Fla.1994). On remand, the sentencing order must indicate that Byers is to receive both real and gain time credit. See Branton v. State, 646 So.2d 791 (Fla. 2d DCA 1994).
Reversed and remanded.
FRANK, A.C.J., and PARKER, J., concur.

. Another affidavit was filed alleging that Byers also violated his probation because he was charged with possession of drug paraphernalia and possession of cocaine.

. As the state correctly notes, the permitted ra'nges do not apply to this case because Byers’ offenses were committed before July 1, 1988, when the permitted ranges were incorporated into the sentencing guidelines rule. See Jones v. State, 615 So.2d 705 (Fla. 2d DCA 1992).