PER CURIAM.
Teofilo Bermudez Centano (“Centano”) appeals an order revoking probation and sentencing him to a term of thirty years incarceration. We reverse.
Centano was charged with sexual battery on a child under twelve years of age and lewd assault on a child, crimes committed in 1993. In 1994 Centano pled no contest to a reduced charge of attempted sexual battery and lewd assault. The court sentenced him to five years in state prison followed by ten years of reporting probation. A special condition of his probation was that Centano complete a Mentally Disordered Sex Offender (“MDSO”) program.
Centano served his time in prison but in January 2001 while on probation, the State filed an Amended Affidavit of Violation of Probation against him, alleging that Centa-no (1) failed to report to his probation officer since November 2000; (2) failed to list his complete and current residential and work address since November 2000; (3) failed to attend a TASC drug evaluation and treatment program as ordered by his probation officer; and (4) failed to complete the required MDSO program. Cen-tano eventually surrendered himself to the Dade County Jail in November 2001.
A parole violation hearing was conducted before Judge David H. Young on April 30, 2002, a successor judge to the' sentencing judge, and the court thereafter revoked appellant’s probation, sentencing him to 30 years in prison on the attempted sexual battery charge and 10 years on the lewd assault charge to run concurrently. However, no written order revoking probation was entered.
There is considerable confusion in the record concerning the grounds upon which probation was revoked. It was conceded by the Defendant below that he failed to *1278 report monthly as required. However, it is unclear from the record below whether the trial court violated the Defendant for alleged failure to report his work and residential addresses monthly. On appeal, the State concedes that the Order of Probation did not so require and that the Defendant therefore could not be violated on this ground. Similarly, while the State conceded almost in passing below that the Defendant could not be violated for a probation officer imposed condition that he participate in the TASC drug evaluation and treatment program,[1] the absence of an order below makes it impossible for us to know whether the trial court appreciated the fact that the concession was made. Finally, while the transcript does include one explicit finding by the trial judge— that Centano violated the special condition that he successfully complete an MDSO program by not “showing up” — there is no evidence in the record that the trial court considered the merits of Centano’s proffered reason for failing to show — that he would be arrested for failing to report to the now concededly unlawfully imposed TASC drug treatment program. Arias v. State, 751 So.2d 184, 186 (Fla. 3d DCA 2000)(“A violation which triggers a revocation of probation must be both willful and substantial in nature, and must be supported by the greater weight of the evidence”).
Our case law requires an appropriate written order revoking the defendant’s probation based upon the evidence presented. See Watson v. State, 807 So.2d 166 (Fla. 3d DCA 2002). While the failure of the trial court to render a written order is sufficient to require reversal, we further conclude here that the combination of the piecemeal concessions made by the State as this violation proceeding has progressed, taken together with the apparent alacrity with which the trial court reached the conclusion that Centano’s one failure to show up at the MDSO program constituted a violation, compels us, in the interests of justice, to order a de novo evidentiary hearing on the probation violation followed by the entry of a written order relating the courts findings. If the court concludes that Centano has violated the conditions of his probation, then it shall likewise conduct a new sentencing hearing. Centano shall be entitled to be present at such proceedings as may occur and should be prepared to direct the successor judge’s attention to any portion of the record that predates the successor judge’s accession to this case that Centano deems relevant.
Reversed and remanded with directions.

. The Order of Probation did not include a drug evaluation or treatment special condition. See Gerber v. State, 856 So.2d 1113, 1115 (Fla. 4th DCA 2003) (double jeopardy protection against multiple punishments includes protection against enhancements or extensions of conditions of probation); Morales v. State, 518 So.2d 964 (Fla. 3d DCA 1988) (failure of defendant to report to probation counselor ordered drug and alcohol counseling may not be relied upon for revocation where same was not ordered by sentencing judge).