DAMOORGIAN, J.
 

 Defendant appeals his revocation of probation, judgment and sentence on three counts of DUI with serious bodily injury, raising four issues for our consideration. We affirm defendant’s judgment and sentence, and write only to address defendant’s argument that the trial court failed to render a proper written order revoking his probation by failing to specifically identify the conditions of probation defendant violated.
 

 By way of background, in 2001, defendant pled no contest to three counts of DUI with serious bodily injury and one count of DUI with property damage. In that same year, defendant received a composite sentence of two years’ community control followed by three years’ probation on his three counts of DUI with serious bodily injury. Defendant received a sentence of “time-served” on his one count of DUI with property damage.
 

 In 2005, the State filed its first violation of probation (VOP) affidavit, alleging that defendant violated three conditions of probation. Shortly thereafter, the State filed
 
 *1172
 
 two amended VOP affidavits. Defendant ultimately entered an open plea with the trial court, wherein he admitted to violating the conditions of his probation.
 

 Before defendant was sentenced on these violations of probation, the State filed a new VOP affidavit in 2006, alleging that defendant violated the conditions of his probation by committing the crimes of arson and battery. Following a VOP hearing on the new law violations, the trial court orally pronounced that defendant’s probation was revoked and sentenced defendant to 150.3 months in prison on the 2005 and 2006 violations of probation. Defendant then filed the instant appeal.
 

 While his appeal was pending, defendant filed a Florida Rule of Criminal Procedure 3.800(b) motion, contending, among other things, that the trial court failed to render a written order revoking his probation. The trial court granted defendant’s rule 3.800(b) motion solely on this issue and entered an order of revocation of probation. The revocation order noted that defendant violated his probation in a material respect “for the reasons announced in open court” at his VOP hearing. We now review the sufficiency of this order.
 

 On appeal, defendant challenges the sufficiency of the order of revocation of probation because it failed to specify the conditions of probation he violated.
 
 [1]
 
 In response, the State contends that the order was sufficient, as written, because the trial court orally pronounced on the record each condition defendant violated, finding the violations to be willful, substantial, and material, and incorporated them by reference in the written order. Defendant is correct.
 

 If a trial court revokes a defendant’s probation, the court is required to render a written order noting the specific conditions of probation that were violated.
 
 See Delisa v. State,
 
 910 So.2d 418, 421 (Fla. 4th DCA 2005);
 
 Defontes v. State,
 
 889 So.2d 217, 217 (Fla. 4th DCA 2004);
 
 Anderson v. State,
 
 879 So.2d 688, 688 (Fla. 4th DCA 2004);
 
 Campbell v. State,
 
 776 So.2d 1036, 1037 (Fla. 4th DCA 2001). Because the order of revocation of probation here does not specify the conditions defendant violated, we remand for the trial court to amend the order to include the conditions that the court found were violated at defendant’s VOP hearing. We find no merit to defendant’s remaining arguments, and affirm the revocation of his probation, as well as his judgment and sentence.
 

 Affirmed, but Remanded.
 

 MAY and GERBER, JJ., concur.
 

 [1]
 

 . Defendant’s argument is preserved for review because it was raised in his rule 3.800(b) motion.
 
 See
 
 Fla. R.App. P. 9.140(e) (noting that sentencing errors must be preserved either through a contemporaneous objection or by motion under rule 3.800(b));
 
 Jackson v. State,
 
 983 So.2d 562, 571 (Fla.2008).