# Third District Court of Appeal

**State of Florida**

Opinion filed August 24, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1795
Lower Tribunal No. 07-30606
_____

**John Joachin,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Carlos J. Martinez, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SALTER, LOGUE, and SCALES, JJ.

LOGUE, J.

John Joachin appeals from a judgment and sentence following a probation revocation hearing. The trial court revoked Joachin's probation after a full evidentiary hearing in which the trial court articulated its reasoning in some detail (including which conditions of probation Joachin violated). However, the trial court failed to render a written order of revocation. We conclude there was sufficient evidence to support the trial court's determination that Joachin violated his probation by committing new criminal offenses. We affirm the judgment and sentence entered upon that revocation.

Nevertheless, we remand for the sole purpose of directing the trial court to enter a written order of revocation, which order shall reflect the basis for the revocation of probation. See Grissom v. State, 819 So. 2d 923 (Fla. 3d DCA 2002); McCloud v. State, 653 So. 2d 453 (Fla. 3d DCA 1995); Watts v. State, 688 So. 2d 1018 (Fla. 4th DCA 1997). This is not a case like Thomas v. State, 585 So. 2d 475 (Fla. 3d DCA 1991), where the question was whether a defect in the written order of revocation was remedied by the judge's statements reflected in the transcript. See McCloud, 653 So. 2d at 455 n.2 ("The Thomas court evidently took the view that once the reasons for revocation had been stated on the record and transcribed, no useful purpose would be served by taking the additional step of entering a written order embodying the reasons already stated on the record."). Here, the trial court failed to enter a written order of revocation.

Affirmed and remanded for entry of a written order of revocation of probation.