# Third District Court of Appeal

## State of Florida

Opinion filed January 17, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-307
Lower Tribunal No. 11-15037A
_____

**Zevin Mitchell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and LAGOA, and SALTER, JJ.

LAGOA, J.

Zevin Mitchell ("Mitchell") appeals the trial court's revocation of his probation and sentence. We remand for the trial court to enter a written order of revocation of probation.

After an evidentiary hearing, the trial court orally pronounced that the State had proven by a preponderance of the evidence that Mitchell violated his probation by committing offenses in violation of condition five of his conditions of supervision and sentenced Mitchell to twenty-five years in state prison.[1] On appeal, Mitchell alleges, and the State properly concedes, that the trial court erred in failing to enter a written order of revocation of probation.

It is well-settled that a trial court must "reduce to writing its oral pronouncement of the violations and revocation of . . . probation." Brown v. State, 127 So. 3d 831, 831 (Fla. 3d DCA 2013); accord Centano v. State, 880 So. 2d 1277, 1278 (Fla. 3d DCA 2004); McCloud v. State, 653 So. 2d 453, 455 (Fla. 3d DCA 1995); see also, e.g., Joachin v. State, 199 So. 3d 439-40 (Fla. 3d DCA 2016); Hulse v. State, 170 So. 3d 911, 912 (Fla. 3d DCA 2015); Burt v. State, 931 So. 2d 1005, 1006 (Fla. 3d DCA 2006); Wilcox v. State, 919 So. 2d 609, 609 (Fla. 3d DCA 2006). Where a trial court fails to enter a written order of revocation of

---

[1] The trial court sentenced Mitchell to fifteen years in the instant case and ten years in lower-case number 10-3680C, with the sentences to run consecutively. This Court similarly remanded in Mitchell v. State, 42 Fla. L. Weekly D2286 (Fla. 3d DCA Oct. 25, 2017), for the entry of a written order revoking probation in case number 10-36830C.

2

probation, this Court has remanded the matter to the trial court with directions for it to enter a written order stating the basis for revocation. See Wilcox, 919 So. 2d at 609; McCloud, 653 So. 2d at 455. Cf. Allen v. State, 780 So. 2d 346, 346 (Fla. 3d DCA 2001) (remanding for correction of final order of revocation of probation and directing the trial court to enter written order that provided the basis for revocation and conformed to the trial court's oral findings at the revocation hearing).

Accordingly, we remand for the trial court to enter a written order of revocation of probation.[2] Mitchell need not be present for the entry of the written order. Jones v. State, 638 So. 2d 126, 127 (Fla. 1st DCA 1994).

Remanded with directions.

---

[2] Mitchell does not assert that the trial court erred in finding that he violated his probation, and we express no opinion on the issue. Upon the trial court's entry of a written order, Mitchell may assert such a claim. See Wilcox, 919 So. 2d at 609 (remanding for entry of written order revoking probation and stating that "[o]nce the trial court enters the required order, should the defendant contend the grounds are not supported by the evidence, the defendant may appeal"); McCloud, 653 So. 2d at 455 (declining to reach the defendant's contention that some of the grounds for revocation of probation were not supported by the evidence and holding that "[i]f, after entry of the written statement, the defendant contends that any of the grounds relied on by the trial court are not supported by the evidence, the defendant may appeal at that time").