# Third District Court of Appeal

**State of Florida**

Opinion filed March 28, 2018.

————————————

No. 3D17-1319
Lower Tribunal No. 16-196B

————————————

**M.C., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before LAGOA, EMAS, and SCALES, JJ.

LAGOA, J.

<u>ON CONFESSION OF ERROR</u>

M.C. appeals his revocation of probation. While the trial court orally stated that it found M.C. to have violated his probation by committing criminal mischief, no written order of revocation appears in the record. Based on the State's proper confession of error, we remand to the trial court to enter a written order of revocation noting the specific conditions of probation that M.C. violated.  See Mitchell v. State, 43 Fla. L. Weekly D187, D187 (Fla. 3d DCA 2018) ("It is well-settled that a trial court must 'reduce to writing its oral pronouncement of the violations and revocation of . . . probation.'" (alteration in original) (quoting Brown v. State, 127 So. 3d 831, 831 (Fla. 3d DCA 2013))); King v. State, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010) ("If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated.").

Remanded with directions.