LAGOA, J.
M.C. appeals his revocation of probation. While the trial court orally stated that it found M.C. to have violated his probation by committing criminal mischief, no written order of revocation appears in the record. Based on the State's proper confession of error, we remand to the trial court to enter a written order of revocation noting the specific conditions of probation that M.C. violated. See Mitchell v. State, 43 Fla. L. Weekly D187, D187, --- So.3d ---- (Fla. 3d DCA 2018) ("It is well-settled that a trial court must 'reduce to writing its oral pronouncement of the violations and revocation of ... probation.' " (alteration in original) (quoting Brown v. State, 127 So.3d 831, 831 (Fla. 3d DCA 2013) ) ); King v. State, 46 So.3d 1171, 1172 (Fla. 4th DCA 2010) ("If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated.").
Remanded with directions.