# Third District Court of Appeal

## State of Florida

Opinion filed August 15, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-583
Lower Tribunal No. 13-13688
_____

**James Raimondi,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Ilene F. Tuckfield, P.A., and Ilene F. Tuckfield, for appellant.

Pamela Jo Bondi, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.

Before LAGOA, SALTER, and SCALES, JJ.

LAGOA, J.

James Raimondi ("Raimondi") appeals from the trial court's revocation of his community control and sentence. Because the record on appeal does not

contain the relevant affidavit upon which the revocation was based, we remand for further proceedings.

I.    FACTUAL AND PROCEDURAL HISTORY

On July 11, 2013, Raimondi was charged with shooting or throwing a deadly missile and aggravated assault with a firearm.  Raimondi pled guilty to the charge of aggravated assault with a firearm, and on January 23, 2015, was sentenced to 366 days in prison followed by two years of community control and two years of probation.  Raimondi received 431 days of credit for time served.

On January 7, 2016, an amended affidavit of violation of community control (the "January 7, 2016, affidavit")[1] was filed alleging that Raimondi violated multiple conditions of his community control by committing offenses on September 18, 2015, and October 8, 2015.  On September 27, 2016, the trial court entered an order of probation (the "September 27, 2016, order of probation"), placing Raimondi on community control for two years.  Condition five of Raimondi's supervision required that he live "without violating the law."

Less than twenty-four hours after he signed the September 27, 2016, order of probation, Raimondi was arrested on September 28, 2016.  The State argues in its Answer Brief that as a result of Raimondi's September 28, 2016, arrest, an amended affidavit of violation of probation was subsequently filed, alleging two

_____

[1] No other affidavit appears in the record regarding the offenses committed on September 18, 2015, and October 8, 2015.  This Court is therefore unclear why this affidavit is titled "amended affidavit."

2

separate violations of condition five of Raimondi's community control—battery and resisting arrest with violence.

Additionally, in its Answer Brief, the State refers to and cites to the January 7, 2016, affidavit found in the record. That affidavit, however, is <u>not</u> the affidavit that applies to these offenses. The record only contains the January 7, 2016, affidavit, which pertains to offenses that occurred in September and October of 2015. Even a cursory review of the January 7, 2016, affidavit confirms that it is not the affidavit applicable to this appeal. Indeed, as the January 7, 2016, affidavit pre-dates the events at issue, which occurred on September 28, 2016, that affidavit neither references the offenses relevant to this appeal nor does it otherwise include a charge of resisting arrest.[2]

The trial court held a violation of probation hearing on February 17, 2017. The State presented evidence regarding events that occurred on September 28, 2016, in support of its argument that Raimondi violated his community control by committing the offenses of battery and "resisting arrest with violence."[3] At the conclusion of the hearing, the trial court stated:

---

[2] A review of the clerk's minutes contained in the record on appeal, however, shows that an amended affidavit of violation of community control may in fact exist. The clerk's minutes for September 30, 2016, state, "aff of VOP filed," and for October 4, 2016, state, "See amended affidavit violation of community control filed 10/3/16."

[3] The State argues that the amended affidavit at issue alleged Raimondi committed the offense of resisting arrest *with* violence. The transcript of the violation of probation hearing, however, indicates that Raimondi proceeded with a defense to an allegation that he resisted arrest *without* violence. The record further reflects

3

You know, it pains me, but I do find that he violated probation. I do find that the State has proved by a preponderance of the evidence that he violated number five - - paragraph number five.

The trial court sentenced Raimondi to eighteen months in prison, to be followed by six months of probation. The record contains no written order of revocation of community control.

## II.    ANALYSIS

It is well-settled that "[i]t is a due process violation and fundamental error to revoke probation for violations not alleged in the affidavit of violation of probation." Howard v. State, 883 So. 2d 879, 880 (Fla. 4th DCA 2004); see also Gray v. State, 170 So. 3d 890, 892 (Fla. 3d DCA 2015) (holding that trial court erred in revoking Gray's probation based on offense not alleged in affidavit of violation of probation); Thomas v. State, 159 So. 3d 937, 937 (Fla. 3d DCA 2015) (finding that trial court erred in revoking probation for offense not alleged in affidavit of violation of probation).

Here, the trial court conducted a hearing concerning the events that occurred on September 28, 2016, and orally pronounced that the State proved by a preponderance of the evidence that Raimondi violated condition five of his supervision. As noted above, the record on appeal, however, does not contain an affidavit of violation of community control (or probation) setting forth the specific

that Raimondi was acquitted on a charge of resisting arrest without violence in case number 16-28283 for an arrest that occurred on September 28, 2016.

4

substantive violations Raimondi allegedly committed on September 28, 2016, in violation of condition five of his supervision.

As the relevant affidavit of violation is not contained in the record on appeal, this Court cannot discern whether the trial court erred in revoking Raimondi's community control, as we cannot review the substantive violations alleged in the affidavit. Because the record on appeal reveals the possibility that an affidavit of violation of probation was filed before the February 17, 2017, hearing, however, it is appropriate to remand the case to the trial court with instructions to locate and consider the appropriate affidavit. See Howard, 883 So. 2d at 880 (remanding to "the trial court with instructions to conduct further proceedings to determine the existence of the amended affidavit" of violation of probation where the only affidavit in the record referenced offenses other than the one that formed the basis for the violation, and the hearing transcript revealed the possible existence of an amended affidavit charging the substantive violation); see also Lishinsky v. State, 219 So. 3d 89, 89 (Fla. 4th DCA 2017) (reversing and remanding to the trial court to conduct further proceedings directed at locating and considering probation affidavit where probation affidavit was not included in record on appeal, but hearing transcript indicated that affidavit existed).

III. CONCLUSION

Because the possibility exists that an affidavit of violation of community control was, in fact, filed below that charged Raimondi with substantive violations

committed on September 28, 2016, in violation of the conditions of his supervision, we remand for the trial court to conduct further proceedings directed at locating and considering the relevant affidavit. We also instruct the trial court to enter a written order specifying the basis for its revocation of community control. See Mitchell v. State, 238 So. 3d 386, 387 (Fla. 3d DCA 2018).[4]

     Remanded with directions.

---

[4] Upon the trial court's entry of a written order revoking probation, if Raimondi contends that any of the grounds relied on by the trial court to revoke probation are not supported by the evidence, he may appeal at that time. See Mitchell, 238 So. 3d at 387 n.2.