# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-937
Lower Tribunal Nos. F09-41142 & F10-10288

_____

**Michael Johnson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Robert T. Watson, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.

Before EMAS, SCALES and GORDO, JJ.

SCALES, J.

Michael Johnson appeals the trial court's revocation of his probation in lower tribunal case numbers F09-41142 and F10-10288. In his initial brief, Johnson raises the single issue of whether the trial court erred by failing to enter written orders revoking his probation.[1] After Johnson filed his notice of appeal, but before the appellate record was docketed, the trial court entered two written orders revoking Johnson's probation, *nunc pro tunc* to the date the court revoked Johnson's probation and sentenced him.[2] It, therefore, appears that that the trial court's entry of these written, probation revocation orders has mooted Johnson's only appellate argument.

The probation revocation orders, though, fail to specify the evidence relied on by the trial court and the court's reasons for revoking Johnson's probation. This was error. "The probationer it entitled . . . [to] *a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation*." <u>McCloud v. State</u>, 653 So. 2d 453, 455 (Fla. 3d DCA 1995) (quoting <u>Black v. Romano</u>, 471 U.S. 606, 612 (1985)); <u>see</u> <u>King v.</u>

---

[1] <u>See</u> <u>Ward v. State</u>, 306 So. 3d 1004, 1005 n.1 (Fla. 3d DCA 2020) ("When . . . the trial court has failed to enter any written order of revocation, this Court has, on plenary appeal, consistently granted relief in the form of a remand with directions for the trial court to enter a written order of revocation.").

[2] <u>See</u> Fla. R. App. P. 9.600(a) (providing the trial court with concurrent jurisdiction to render orders on procedural matters relating to the appeal prior to the docketing of the appellate record).

State, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010) ("If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated."). We, therefore, reverse the written probation revocation orders, and remand to the trial court with directions to enter corrected probation revocation orders that contain the required written statements. Upon entry of the corrected orders, Johnson – if he so chooses – may appeal the corrected, probation revocation orders. Id.[3]

Reversed and remanded.

---

[3] In Thomas v. State, 585 So. 2d 475, 476 (Fla. 3d DCA 1991), this Court affirmed a similarly deficient, probation revocation order on the Court's review of the relevant hearing transcripts, refusing the defendant's request that the Court remand for entry of "a written order specifying the reasons for revocation." We distinguish Thomas for two reasons. First, Johnson's counsel – the Miami-Dade Public Defender's Office – apparently did not receive copies of the revocation orders prior to filing Johnson's initial brief. Indeed, the probation revocation orders are not in the appellate record prepared by the lower court clerk. Consequently, unlike in Thomas, Johnson did not have the appropriate opportunity to challenge the revocation of his probation in his briefing to this Court. Second, unlike here, "[t]here is no indication that in Thomas the [written finding] requirements of Black v. Romano were called to the court's attention." McCloud, 653 So. 2d at 455, n.2. Given the circumstances presented here, we find Thomas inapplicable to the instant appeal.