# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1267
Lower Tribunal No. F20-4205
_____


**Isaac Greene,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Haccord Curry, Assistant Attorney General, for appellee.

Before EMAS, LOGUE and BOKOR, JJ.

BOKOR, J.

Isaac Greene appeals his sentence imposed after a revocation of probation. The trial court orally found that the State met its burden to prove that Greene qualifies as a prison releasee re-offender (PRR) "for the reasons [it] indicated [on the record], as well as [Greene's] testimony indicating he was released from prison within the time set by statute." Greene argues that his testimony during the violation of probation (VOP) hearing is insufficient evidence to establish his release date. We disagree.

A defendant qualifies as a PRR if they have been convicted of an enumerated crime within three years of being released from a state correctional facility. § 775.082(9)(a)1., Fla. Stat. "Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced" to the specified mandatory minimum. Id. (9)(a)3. "Imposing a PRR sentence is mandatory once the State proves that the defendant qualifies." Foulks v. State, 306 So. 3d 1178, 1182 (Fla. 3d DCA 2020) (quotation omitted) (holding also that State did not waive its right to seek PRR sentencing after VOP even where State waived PRR sentencing in negotiated plea).

Upon examination by the State during the VOP hearing, Greene testified that he was released from a state correctional facility in 2019. The State relied upon this evidence in arguing that Greene committed the relevant crime (in 2020) within three years of his release (in 2019). The trial court relied upon it in its oral findings. Unlike hearsay or an unadmitted record of conviction, which courts have found not sufficient to establish the date of release, here we have the offender's own testimony that unequivocally establishes his release within three years of the commission of the violative offense. Cf. Gray v. State, 910 So. 2d 867, 868 (Fla. 1st DCA 2005) (vacating PRR sentence predicated solely on hearsay evidence of defendant's release date); Mathis v. State, 398 So. 3d 592, 594 (Fla. 2d DCA 2024) ("[A]lthough Mathis's sentencing packet was made part of the record, it was never moved or received in evidence. Thus, it was insufficient to support the trial court's finding that Mathis qualified as a HFO or a PRR.").

Nonetheless, Greene argues, and the State concedes, that the probation revocation orders fail to specify the evidence relied on by the trial court and the court's reasons for revoking his probation. This was error. "The probationer is entitled to . . . a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation." McCloud v. State, 653 So. 2d 453, 455 (Fla. 3d DCA 1995) (emphasis omitted) (quoting

3

<u>Black v. Romano</u>, 471 U.S. 606, 612 (1985)); <u>see also</u> <u>Johnson v. State</u>, 388 So. 3d 255, 256 (Fla. 3d DCA 2024) (same). We therefore reverse and remand with directions for the trial court to enter a written probation revocation order that contains the requisite findings of fact. We affirm as to all other arguments raised without further comment.

Affirmed in part, reversed in part, and remanded with instructions.