# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2176
Lower Tribunal No. F14-18631
_____

**Onelio Castro,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LINDSEY, and BOKOR, JJ.

LINDSEY, J.

Appellant Onelio Castro appeals from the trial court's revocation of his probation. Following a probation violation hearing, the court revoked Castro's probation and sentenced him to sixty years in prison. The court did not issue a written opinion revoking Castro's probation. "The United States Supreme Court has stated that the due process requirements of a probation revocation hearing include . . . *a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.*" McCloud v. State, 653 So. 2d 453, 454–55 (Fla. 3d DCA 1995) (quoting with emphasis Black v. Romano, 471 U.S. 606, 612 (1985)). "It is well-settled that a trial court must 'reduce to writing its oral pronouncement of the violations and revocation of . . . probation.'" Mitchell v. State, 238 So. 3d 386, 386 (Fla. 3d DCA 2018) (quoting Brown v. State, 127 So. 3d 831, 831 (Fla. 3d DCA 2013)).

Both Castro and the State properly agree that we must remand with instructions to enter a written order. Accordingly, we remand for the trial court to enter a written order of revocation of probation.[1]

Remanded with instructions.

---

[1] We express no opinion on any of the other issues raised.