989 So.2d 1285 (2008)
Johnny A. EASTERLING, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-4191.
District Court of Appeal of Florida, First District.
September 15, 2008.
*1286 Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Shelly A.R. Chichester, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant seeks review of an order revoking his community control and imposing a sentence of life imprisonment without the possibility of parole. Appellant was found to have violated four conditions of his community control. Because we hold that the trial court erred in finding appellant wilfully and substantially violated serval conditions of his community control and cannot determine if the trial court would have imposed the same sentence, we reverse the finding of violation as to two of the charges, vacate the sentence, and remand for resentencing.
Appellant, pursuant to a plea, was convicted of three counts of sexual battery on children under the age of 12 and sentenced to two years' community control and sex offender probation. Appellant was charged with violating his community control in four respects by: (1) failing to remain at liberty without violating the law by failing to register and obtain an identification card denoting his sex offender status *1287 from the Department of Highway Safety and Motor Vehicles (DHSMV) within 48 hours of his release from prison as required by section 944.607, Florida Statutes (2007); (2) failing to follow the lawful instructions of his probation officer directing appellant to register as a sex offender with the DHSMV within 48 hours of his probation; (3) failing to be truthful with his probation officer by omitting necessary facts regarding his failure to obtain the required identification card from the DHSMV; and (4) leaving his home and visiting the DHSMV without his probation officer's permission.
The uncontradicted evidence demonstrates appellant made a good faith effort to register and obtain a license in accordance with section 944.607, Florida Statutes. The only reason he did not complete the registration was because he lacked $10 to obtain a new license. In fact, appellant obtained the license after attempting to comply with the requirement three days later, as soon as he had obtained the necessary funds. While the trial court found that appellant could have asked the probation officer for the money, merely because he did not take the wisest course of action, we cannot say the failure to register was willful and substantial. Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996) (holding where a probationer makes reasonable efforts to comply with a condition of probation, the violation cannot be deemed willful). Because we determine that appellant made a good faith effort to comply, we must also reverse the violation relating to failing to follow the lawful instructions of his community control officer.
Based on the foregoing, we affirm the finding of violations as to two conditions of community control, but we reverse as to the two charges concerning appellant's failure to register. Because it is not clear from the record whether the trial court would have imposed the same sentence based on the remaining violations, we reverse and remand for reconsideration of the revocation and sentencing decisions.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
BROWNING, C.J., and WEBSTER, J., concur.