992 So.2d 367 (2008)
Ronald J. MICHAEL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D07-2033, 1D07-2034.
District Court of Appeal of Florida, First District.
October 7, 2008.
*368 Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Shelly A.R. Chichester, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Ronald J. Michael appeals an order revoking his probation, asking us to reverse the order and reinstate him to probation because the State did not prove that he willfully violated either of the conditions of his probation cited in the order as the basis for revocation. We agree that the State's evidence was insufficient to prove a willful violation of either condition. Accordingly, we reverse the revocation order and remand with directions to reinstate him to probation.
Originally Mr. Michael was placed on probation after pleading nolo contendere to charges of supplying a false written odometer statement, selling a motor vehicle with an altered odometer, fraudulent use of credit cards, and grand theft. He was placed on a five-year term of probation with conditions that (1) required that he "not contact [the] victim or [the victim's] family during the period of probation"; and (2) required him to write letters to credit card companies assuming responsibility for debts he had run up fraudulently on his employer's (the "victim's") account. *369 The trial court decided he had willfully violated both of these conditions, revoked his probation, and resentenced him to five years in prison.
We review a revocation of probation for abuse of discretion. Russell v. State, 982 So.2d 642, 646 (Fla.2008). "To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation." Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996) (citing Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995)). Both conditions at issue here are undoubtedly "substantial." See generally State v. Carter, 835 So.2d 259 (Fla.2002).
Mr. Michael was not shown to be in violation of the "no contact" condition, willfully or otherwise. The State showed only that, immediately following the sentencing hearing, Mr. Michael made reports to the Gainesville Regional Utility Board, the Florida Department of Highway Safety and Motor Vehicles, and the Florida Department of Revenue alleging various illegal activities on the part of the victim's business, his former employer. Originally, not even Mr. Michael's probation officer thought Mr. Michael's conduct constituted a violation of this condition.[1] At the time he made the reports, the condition merely prohibited his "contact[ing][the] victim or [the victim's] family during the period of probation." Making reports to governmental authorities alleging illegal practices on the part of the victim's business did not violate this condition.[2]
At the revocation hearing, uncontradicted evidence established that the assistant state attorney had not furnished the names of the credit card companies with pertinent account numbersinformation which the trial court had directed be given to Mr. Michaeleither to Mr. Michael or to his probation officer.[3] Both Mr. Michael and his probation officer testified that he sought unsuccessfully to obtain this information from his probation officer and from his lawyer.[4] They also testified that Mr. Michael told his probation officer that he was having trouble acquiring the information. The State failed to prove that Mr. Michael had the information he needed to write letters assuming *370 responsibility for the credit card charges in question, despite his efforts to obtain it.
The State did not, in short, prove a willful violation of this condition. See Haywood v. State, 987 So.2d 1285, 1286-87 (Fla. 1st DCA 2008) (probationer did not willfully violate a condition of his probation by failing to report for a probation office appointment when his tire blew out en route to the appointment and he could not afford a new tire); Thorpe v. State, 642 So.2d 629, 629 (Fla. 1st DCA 1994) ("Where a probationer has made reasonable efforts to comply with the terms of probation, his or her failure to do so has been held not to be willful."); Green v. State, 620 So.2d 1126 (Fla. 1st DCA 1993) (unemployed probationer's inability to make restitution not a willful violation); White v. State, 619 So.2d 429, 431 (Fla. 1st DCA 1993), rev. den., 626 So.2d 208 (Fla. 1993) (probationer's failure to perform community service not a willful violation where he reported "to the community service worksite many times"); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991) (probationer's failure to make restitution not shown to be willful).
The lower court abused its discretion in finding willful violations of conditions of Mr. Michael's probation. Accordingly, we reverse the order revoking probation on that basis, and remand with directions to reinstate him to probation.
Reversed and remanded, with directions.
ALLEN and DAVIS, JJ., concur.
NOTES
[1] Apparently in response to complaints by the victim, however, the probation officer wrote a letter to the judge asking for his "thoughts on this matter." The record reflects that the judge noted his intention to hold a hearing to resolve the issue. Shortly thereafter, an amended violation of probation affidavit was filed, alleging a violation of the "no contact" condition.
[2] Later, at the restitution hearing, after the court learned that Mr. Michael had filed the reports, he was ordered to refrain from directly or indirectly contacting the victim ever again. We need not decide whether his admitted conduct would have violated such a modified condition.
[3] The following exchange took place when Mr. Michael originally pleaded and was placed on probation:

[Assistant State Attorney]: Your Honor, what I propose is, I will prepare a letter with the name of the company, as well as the account number that applies to it and forward it to Mr. Michael's probation officer. That way it will be outlined.
The Court: Okay. Is that acceptable to you, sir?
[Mr. Michael]: Yeah....
....
The Court: Therefore, you shall notify the credit card companies. [The Assistant State Attorney] will provide that statement to you, sir, for the name of the company.
[4] Testimony that he repeatedly attempted to contact his attorney, but that his attorney never returned his calls, was buttressed by a copy of a letter he wrote to the Florida Bar complaining that the attorney would not take his calls.