996 So.2d 960 (2008)
Clyde NEWTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4452.
District Court of Appeal of Florida, Second District.
December 19, 2008.
*961 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
Clyde Newton served a term of imprisonment and then began a term of sexual offender probation. However, the circuit court revoked his probation based on a ground set forth in an amended affidavit of violation. The State presented no evidence that either Newton or his counsel received the amended affidavit. Newton claims the court erred in this regard and we agree. We also hold that, in any event, the evidence was insufficient to prove that Newton willfully violated this condition. Accordingly, we reverse the revocation of Newton's probation. Our reversal moots his challenge to the sentence imposed.
Newton's probation was imposed in Collier County but he asked that supervision be transferred to Dade County. A condition of the transfer was that Newton find approved housing for a sex offender in that county. He planned to live at his girlfriend's residence, which previously had been approved. However, when Newton reported to the Dade County probation office, he learned that a new local ordinance prohibited sex offenders to live within 2,500 feet from certain areas where children gather. Newton was told that his girlfriend's residence was within a prohibited *962 area and was therefore no longer approved. He attempted to secure other housing, but the Dade County office rejected the alternative location as well.
Newton telephoned his Collier County probation officer and reported that he could not obtain approved housing in Dade County. The officer told Newton to return to Naples the next day, May 2, 2007. Newton claimed to have transportation problems. He finally arrived in Naples twelve days after his conversation with his probation officer and turned himself in to authorities.
The probation officer filed a violation of probation affidavit when Newton did not appear on May 2. This affidavit alleged that Newton had violated probation condition 9 by failing to follow his probation officer's orders. An amended affidavit was filed May 7, 2007, asserting that Newton had violated probation condition 3 by changing his approved residencehis girlfriend's house in Dade Countywithout permission and by absconding. The record does not contain a warrant issued on the amended affidavit.
At the probation revocation hearing, the State began to question the Collier County probation officer about the condition 3 violation. The defense objected, arguing that the affidavit charged only a violation of condition 9. The prosecutor admitted that the amended affidavit had not been served on Newton, and Newton stated that he had never received it. At the conclusion of the hearing the court found that the State had failed to prove a violation of condition 9 but asked the parties to submit authority concerning whether condition 3 could be used to support a revocation.
At a reconvened hearing, the court stated its belief that the original affidavit, although asserting only a violation of condition 9, placed Newton on notice that he had also violated condition 3 because the officer stated that Newton's "whereabouts [were] unknown." The court thereafter revoked Newton's probation based on a violation of condition 3.
We begin with the fact that Newton was not on notice that an amended affidavit had been filed or that his probation might be revoked based on a violation of condition 3. A probationer must be given written notice of the claimed violations. Black v. Romano, 471 U.S. 606, 611-12, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985) (citing Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)); Staley v. State, 851 So.2d 805, 806 (Fla. 2d DCA 2003). Indeed, in this case the circuit court apparently recognized that the amended affidavit did not provide sufficient notice to Newton and thus based its decision to revoke probation on the original affidavit. But the original affidavit did not charge a violation of condition 3. To the contrary, the allegations of the original affidavit contradicted such a charge. Condition 3 provided that Newton was not to change his residence or leave his county of residence "without first procuring the consent of your officer." The affidavit recounted that Newton "was instructed to report to the probation office" in Naples on May 1, 2007. As alleged in the affidavit, then, Newton's departure from his girlfriend's residence did not violate condition 3 because the officer ordered him to do so. Thus, the original affidavit did not put Newton on notice that he had violated condition 3 of his probation.
Even if Newton had been noticed, the State's evidence failed to prove that he willfully violated that condition. See Soto v. State, 727 So.2d 1044, 1046 (Fla. 2d DCA 1999) (noting that the State has the burden of proving a violation of probation is both willful and substantial). The Collier County probation officer testified that he was *963 trying to find a suitable residence for Newton in Miami, but none of the proposed locations worked out. He also stated that Newton himself was attempting to find a residence agreeable to the Dade County office, but that office refused to approve either of Newton's proposed living arrangements. We note that the State frankly admitted that it did not present evidence sufficient to prove the condition 9 violation, that Newton willfully disobeyed his probation officer's directive to immediately return to Naples, because it had not established that he had the ability to return. If he could not return and he could not live in the designated residences, he could not have willfully violated condition 3. See id. ("A defendant's failure to comply with a probation condition is not willful where his conduct shows a reasonable, good faith attempt to comply, and factors beyond his control, rather than a deliberate act of misconduct, caused his noncompliance.").
We reverse the order revoking Newton's probation.
STRINGER and SILBERMAN, JJ., Concur.