PER CURIAM.
 

 Bobby Deese challenges his revocation of probation arguing that the record does not support the finding that his violation of a condition of probation was willful. Because it is unclear from the trial court’s findings whether it understood the test to be employed, we are remanding to the trial court for clarification.
 

 After pleading guilty to lewd and lascivious conduct, appellant was placed on sex offender probation. One of the conditions of that probation was that appellant was not to commit a new criminal offense. An affidavit charging that appellant violated
 
 *952
 
 probation was thereafter entered in which it was averred that appellant failed to complete sex offender treatment, failed to submit to a polygraph, and failed to remain under GPS monitoring, a claim which was later dropped. At the revocation hearing, appellant’s probation officer testified, without objection, that appellant committed a new violation of law by not reregistering as a sex offender with local law enforcement as required by section 943.0435, Florida Statutes.
 

 It was established at the hearing that appellant was discharged from sex offender therapy because he did not take a polygraph within the period prescribed. It was further established at the hearing that appellant had a heart attack and was fitted with a pacemaker. He was required to reregister in November 2008, but he did not do so until he was reminded by a deputy in January 2009. At the revocation hearing, appellant claimed his heart attack contributed to his failure to register.
 

 At the conclusion of the hearing, the trial court explained that it could not find a violation for the failure to take a polygraph and the resulting discharge from therapy because it was not established that appellant had the financial ability to pay for such. As for the new violation of law, the trial court explained:
 

 [With regard to the] violation of Condition 5, a new law violation, it’s been proven today, not only by a preponderance of the evidence, by, beyond a reasonable doubt, that he violated the section of the Florida Statutes requiring him to register as required. It is a strict liability offense and he violated Florida Statute 943.0435 in that he failed to register in a timely basis....
 

 I didn’t make these laws. I’m just elected to enforce them. The registration laws are onerous. They do require sex offenders to register several times and to keep up with the law. And Mr. Deese, even though this Court and everyone tried to help him with this situation with the telephone, didn’t go register when he was supposed to, and that’s a violation of the law and there’s nothing I can do about it. We don’t ask a lot of our probationers. All we ask for them to do is to basically not violate the law, and he did. And Mr. Redmon [the state attorney] is right in that T forgot’ does not apply to these kind of charges. It just does not apply. So, I’m going to find that he did willfully violate Condition 5 with the new law violations, by failing to register as required. Therefore, I find that he did violate his probation.
 

 ⅜ * ⅜
 

 But the law says, it’s basically strict liability, you know, unless there’s something preventing you from registering, that if you don’t register, it’s a crime so ... I just, I just don’t have any choice at this point. And I’m going to go with the very minimum on the guidelines; that’s the least I can do. If I go any lower, the State can appeal me and it would be reversed and come back, because they look at these. So, what I’m going to do is revoke, adjudicate you guilty, I’m going to give you 87.9 months DOC. That’s the lowest permissible sentence in the sentencing guidelines.
 

 A revocation of probation is reviewed under the abuse of discretion standard.
 
 Michael v. State,
 
 992 So.2d 367 (Fla. 1st DCA 2008). “To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation.”
 
 Van Wagner v. State,
 
 677 So.2d 314, 316 (Fla. 1st DCA 1996)(citing
 
 Salzano v. State,
 
 664 So.2d 23 (Fla. 2d DCA 1995));
 
 Michael.
 
 Here, the trial court appears to have be
 
 *953
 
 lieved that it was required to find the violation of probation was willful simply by the fact that appellant failed to reregister. While there may not be a defense for failure to reregister, the trial court was still obliged to find pursuant to section 943.0435 appellant’s violation of the condition of probation that he not commit a new violation of law was a willful violation. As was the case in
 
 Grumet v. State,
 
 771 So.2d 39 (Fla. 4th DCA 2000), we remand the cause back to the trial court for it to determine whether the violation was willful.
 

 REVERSED and REMANDED.
 

 WOLF, VAN NORTWICK, and ROBERTS, JJ., concur.