84 So.3d 1061 (2011)
David Ledonte WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D10-0147.
District Court of Appeal of Florida, First District.
May 9, 2011.
Nancy A. Daniels, Public Defender, and Gail E. Anderson, Assistant Public Defender, Tallahassee, for Appellant.
Pamela Jo Bondi, Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the revocation of his probation, arguing, among other things, that the evidence presented at the violation of probation hearing was insufficient to establish he willfully violated his probation. We agree and reverse.
The court found appellant violated two conditions of his probation by failing to (1) maintain a GPS monitoring device and (2) attend sex offender counseling. At the violation of probation hearing, appellant testified the alleged violations occurred due to his inability to pay his utility bill and the cost of counseling. Appellant testified that he had tried to obtain employment unsuccessfully, due to his prior convictions, and that he was trying to get back into school, and "there wasn't a way for me to get the money." In addition, appellant testified that he tried to explain his inability to pay the cost of counseling to the counseling center's staff but they were unhelpful. The State's witnesses corroborated that appellant violated probation due to his inability to pay his utilities and counseling fees.
As such, the trial court was required to consider appellant's ability to pay before revoking his probation. Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994) (holding that before a probationer can be imprisoned for failure to pay, there must be a finding establishing the probationer had the inability to do so); Smith v. State, 49 So.3d 833, 834 (Fla. 1st DCA 2010); Odom *1062 v. State, 15 So.3d 672, 678 (Fla. 1st DCA 2009). In addition, because appellant's unrebutted testimony established he made a good faith effort to comply with the conditions of his probation, the trial court abused its discretion in finding he willfully violated his probation. Easterling v. State, 989 So.2d 1285, 1287 (Fla. 1st DCA 2008) ("Because we determine that appellant made a good faith effort to comply, we must also reverse the violation relating to failing to follow the lawful instructions of his community control officer."). For these reasons, we REVERSE and REMAND with instructions to reinstate appellant's probation and strike the order revoking appellant's probation.
WOLF, DAVIS, and HAWKES, JJ., concur.