WETHERELL, J.
Appellant seeks review of an order extending and modifying his drug offender probation based upon his failure to make the court-ordered payments for the cost of his supervision. We reverse.
In 2009, Appellant was placed on drug offender probation and ordered to pay “$20 per month, as well as a 4% surcharge, toward the cost of [his] supervision” as a condition of probation. In February 2012, Appellant’s probation officer filed an affidavit alleging that Appellant violated the conditions of his probation by failing to make the cost-of-supervision payments (Condition 2) and by testing positive for Hydrocodone (Condition 7). With respect to the alleged violation of Condition 2, the affidavit stated that Appellant was $565.77 in arrears on his supervision costs.
Appellant pled not guilty to the violations. The case proceeded to a hearing at which the trial court found Appellant guilty of violating Condition 2, but not guilty of violating Condition 7. The trial court reinstated Appellant’s probation, extending it for an additional three years and adding new conditions requiring Appellant to enroll in and complete a drug treatment program, dispose of all expired medications, and provide proof of any new prescriptions to his probation officer.
We review the trial court’s determination that Appellant violated his probation for an abuse of discretion. See Odom v. State, 15 So.3d 672, 675 (Fla. 1st DCA 2009).
In Del Valle v. State, 80 So.3d 999, 1012 (Fla.2011), the supreme court explained that before revoking probation for failure to pay a monetary obligation that is a condition of probation, the trial court “must find that the defendant’s failure to pay was willful — i.e., [1] the defendant has, or has had, the ability to pay the obligation and [2] purposefully did not do so.” Accordingly, the trial court is required to “inquire into a probationer’s ability to pay and make an explicit finding of willfulness based on the greater weight of the evidence.” Id. at 1011 (emphasis in original). Here, the trial court found that Appellant had the ability to pay the cost of supervision, but the court did not make a finding that his failure to do so was willful.
Del Valle precludes us from inferring a finding of willfulness from the trial court’s determination that Appellant violated his probation. Id. (“A probationer cannot have his probation constitutionally revoked absent an inquiry into ability to pay and a specific finding of willfulness, and a trial court’s failure to conduct such an inquiry or make such a finding cannot be deemed harmless.”) (emphasis in original). But even if such a finding could be inferred, we would reverse because the evidence was insufficient to support the trial court’s finding that Appellant had an ability to pay.
Almost all of the testimony, evidence, and argument presented at the hearing focused on the alleged violation of Condition 7. The only evidence presented on the alleged violation of Condition 2 and Appellant’s financial situation was testimony from his probation officer. Neither the State, nor the trial court inquired of Appellant as to his income or expenses or the reason for his failure to make the required payments toward the cost of his supervision.
We conclude that the probation officer’s testimony was insufficient to demonstrate that Appellant had an ability to pay the *1281 cost of supervision. The officer testified that he had supervised Appellant for three years and, during most of that time, Appellant was “not bringing in much [money]” working on his father’s blueberry farm. The officer testified that Appellant told him that he started working for his brother several weeks prior to the filing of the affidavit of violation of probation and that that Appellant expected that “his monthly income would probably be around $2,000.”* (emphasis added). However, no evidence was presented as to Appellant’s actual monthly income.
In sum, because the evidence was insufficient to support the trial court’s finding that Appellant had the ability to pay the cost of his supervision and because the trial court did not make an express finding that his failure to pay was willful, the trial court abused its discretion in finding Appellant in violation of his probation. Accordingly, we reverse the order extending and modifying Appellant’s probation and remand for reinstatement of the prior probationary term.
REVERSED and REMANDED.
VAN NORTWICK and ROWE, JJ„ concur.

 It appears that the trial court misheard this testimony because, after the court ruled, Appellant’s attorney asked for clarification of the ruling and the following colloquy ensued:
THE COURT: [The probation officer] testified ... that [Appellant] was working for his brother and said he made $2,000 a month....
So, the Court finds there’s an ability to pay....
[DEFENSE COUNSEL]:.... My memory of what [the probation officer] said was that he was not—
THE COURT: I am not going to rehash it. I’m stating it as a factual basis. If you think it’s incorrect, you can appeal it. And I’m more than happy for you to appeal it. But I’m not arguing the outcome. That's a finding of the Court.
[DEFENSE COUNSEL]: All right, Your Honor. And very respectfully, my understanding was that he did not say that he •was making, [he said] that he thought he would make about 2,000 a month when goes to work for his brother. That’s just what the defense recalls the testimony being.
THE COURT: That's not what I heard.
(Emphasis added).