VAN NORTWICK, J.
Brian Keith Crowley appeals an order revoking his probation raising two arguments. First, he argues that, because the court erred in finding that he only completed 23 hours of community service, when he had in fact completed 25 hours of community service, the trial court’s revocation of probation should be reversed. We reject this contention. Crowley’s second argument urges this court to reverse the trial court’s revocation because the trial court erred in not making a finding as to his ability to pay. We agree and therefore remand for further proceedings.
On October, 28, 2011, Crowley entered a plea of nolo contendré in the circuit court of Escambia County for one count of Dealing in Stolen Property. He was placed on probation for a term of 12 months. As part of his probation, Crowley was ordered to perform 50 hours of community service and to pay $668.00 in court costs. The trial court later reduced his sentence to 25 hours of community service.
Thereafter, an affidavit of violation of probation was filed alleging three violations. During the subsequent hearing, the probation officer testified that, as of September 2012, Crowley had yet to complete any community service hours even though his term of probation was set to end on October 27, 2012. However, two days before the probation termination date, Crowley submitted his community service timesheet to the probation office. The probation officer testified that, after making phone calls to the place where Crowley claimed to have worked, she was unable to verify that he in fact had performed the required community service hours.
Crowley testified that he had not been employed since he was placed on probation and lived with his mother who provided him with “a little bit of [gas] money every now and then.” He further testified that he received food stamps, did not pay for a cell phone, and was not charged for rent or utilities. Crowley testified that he had “seven herniated discs, varicose veins disease, bad circulation in [his] legs and sugar diabetes” and that he had a pending social security disability claim.
The trial . court adjudicated Crowley guilty of violation of probation, orally finding that “he didn’t pay anything and he didn’t do his hours.” Thereafter, Crowley’s defense counsel raised the issue of his client’s inability to pay his cost of supervision, about which the court did not make a finding. On April 11, 2013, the trial court entered an order of revocation of probation, which found that Crowley had violated the following conditions:
I. (2) [Failure to Pay Cost of Supervision], 11.(9) [Failure to Follow Officer Instructions: Community Service Work], and 111.(8) [Failure to Complete Community Service Work] as cited in the Affidavit for Violation of Probation dated October 17, 2013[sic].[1]
No argument is raised on appeal regarding the failure of Crowley to obey his probation officer. As the trial court did not orally revoke probation on this ground, it cannot serve as a basis for revocation. See McKinney v. State, 71 So.3d 952 (Fla. 1st DCA 2011). There is competent, substantial evidence that Crowley failed to complete his community service hours. The trial court obviously *436 accepted as credible the testimony of Crowley’s probation officer that the claimed hours of community service could not be confirmed. Crowley was given a second opportunity to provide proof of completion of the hours, and yet he still failed to submit documentation or any other proof. Thus, revocation on this count is supported by competent substantial evidence.
Also, as noted, the trial court cited Crowley’s failure to pay court costs as one of the reasons it revoked probation. A trial court cannot revoke probation for failure to pay court costs without first explicitly finding that a defendant had the ability to pay and willfully refused to do. See Del Valle v. State, 80 So.3d 999 (Fla.2011); Odom v. State, 15 So.3d 672, 678-679 (Fla. 1st DCA 2009); Giambrone v. State, 109 So.3d 1279 (Fla. 1st DCA 2013). In the case before us, the trial court did not make an explicit finding that Crowley had the ability to pay, nor that he willfully refused pay.
This court is precluded “from inferring a finding of willfulness from the trial court’s determination that Appellant violated his probation.” Giambrone v. State, 109 So.3d 1279, 1280 (Fla. 1st DCA 2013), citing Del Valle, 80 So.3d 999. The record reflects that Crowley testified that he was unemployed, lived with his mother, received food stamps, and paid no rent or utilities. Crowley also testified that he had a pending application for social security benefits. There is no evidence affirmatively showing that Crowley had the means to pay the required court cost, or that he willfully refused to pay them.
If it is unclear from the record whether the trial court would have revoked probation absent a defendant’s ability and willful refusal to pay required costs, then the reviewing court should reverse the revocation order and remand the case for further proceedings. See Marzendorfer v. State, 16 So.3d 957, 958 (Fla. 1st DCA 2009). Accordingly, we reverse and remand for further proceedings.
REVERSED and REMANDED.
PADOVANO, J., concurs.
BENTON, J., concurs in result only.

. The referenced Affidavit for Violation of Probation is incorrectly cited as being dated "October 17, 2013.” The correct date is "October 17, 2012.”