# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4687
_____

PATRICIA ANN BANKS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Alachua County.
Phillip A. Pena, Judge.

February 4, 2019


WINOKUR, J.

Patricia Banks appeals the trial court's order revoking her probation for failing to pay court costs or completing community service. We find that the trial court did not make the findings required for revocation due to the failure to pay court costs, and that the community service option was not a mandatory condition of probation. Thus, we reverse the revocation of Banks' probation.

Condition 10 of Banks' probation order provided that she "will pay" court costs. Special condition 28 of the order provided that she "may perform [community service hours] in lieu of court costs." Banks neither paid court costs nor performed community service. The trial court did not determine if Banks had the ability to pay

her court costs, but determined she had the ability to perform community service hours, and revoked her probation.

Before probation may be revoked, the trial court "must find that the probationer willfully and substantially violated a condition of probation." *Del Valle v. State*, 80 So. 3d 999, 1012 (Fla. 2011). "In probation revocation proceedings for failure to pay a monetary obligation as a condition of probation, the trial court must find that the defendant's failure to pay was willful—i.e., the defendant has, or has had, the ability to pay the obligation and purposefully did not do so." *Id*. Because the trial court declined to make a determination as to Banks' ability to pay, we cannot affirm revocation on this ground.

We also cannot affirm revocation due to Banks' failure to perform community service because the probation order did not obligate her to do so. Banks was required to pay court costs ("You *will* pay . . . court costs") and permitted to perform community service hours in lieu of paying court costs (you "*may* perform" community service "in lieu of court costs"). This special condition provided Banks with an alternative to paying costs if she wished, but she did not. As such, the requirement to pay costs remained in place, and Banks cannot have her probation revoked for failing to pay costs unless the court finds that she has the ability to pay. *See Williams v. State*, 165 So. 3d 870 (Fla. 1st DCA 2015); *Crowley v. State*, 124 So. 3d 434, 436 (Fla. 1st DCA 2013).

The dissent agrees that "it is true that 'will' or 'shall' is generally mandatory and 'may' is generally permissive," but believes that we should look to the context and interpret "may" as "shall" with regard to the community service option. We agree that context matters, but the dissent makes too large a leap—interpreting a word that is "generally permissive" to mean the opposite—when considering that these words were written in a probation order. "Fundamental fairness requires that a defendant be placed on notice as to what he must do or refrain from doing while on probation." *Hines v. State*, 358 So. 2d 183, 185 (Fla. 1978); *see also Lawson v. State*, 969 So. 2d 222, 230 (Fla. 2007) ("In addition to the procedural due process that is required at the time of an alleged violation, the trial court and the probation order must also adequately place the probationer on notice of conduct that is

2

both required and prohibited during the probationary period."). The dissent makes a cogent contextual argument, but we find that the order did not provide sufficient notice that, here, "may" meant "shall."

The State's intent may have been to set forth a mandatory alternative, and it could have done so with compulsory language— e.g., "You will perform community service if you do not pay court costs." Because the performance of community service was not a required condition of probation, we REVERSE the revocation of probation and REMAND for a determination as to Banks' ability to pay court costs.

MAKAR, J., concurs with opinion; WINSOR, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

MAKAR, J., concurring with opinion.

I concur that revoking Patricia Banks's probation was impermissible based on the language of her probation order, which *required* her to pay $671 of court costs. It did not require, however, that she perform community service if she lacked the ability to pay them. To the contrary, the clear language of the order merely *allowed* her to perform community service in lieu of paying these costs. Had it said Banks "must either pay court costs or do community service," a different meaning and outcome would result.

Under the probation order, the only question was whether Banks had the ability to pay the court costs at the time of the revocation hearing. After hearing testimony from Banks and her probation officer as to her financial situation and her failure to perform community service, the trial judge decided not to "get into the issue of the financial capabilities" of Banks to pay the court costs, in part, because "we're just used to that nobody pays them."

3

Instead, the focus was solely on Banks's failure to complete community service hours, which the trial court deemed mandatory ("So I am going to find that there is a violation of probation. There is a willful and substantial violation as it relates to community service, not as to payment."). He modified Banks's probation, extending it by six months, and ordered that she complete community service hours during that time period.

In doing so, the trial court transformed a discretionary condition of probation into a mandatory one. By the probation order's plain language, Banks was required only to pay court costs. She had the discretion to perform community service, but it was not mandated. A box on a standard pre-printed probation form was checked that said "The Defendant *may* perform community service in lieu of court costs at the rate of $10 per hour." (Emphasis added). This option gave Banks the ability to reduce or fully satisfy the $671 owed by performing up to sixty-eight hours of community service if she chose to do so (she worked full-time, had physical ailments, and shouldered family responsibilities that, in her view, made additional physical work infeasible). Because the trial court did not address and resolve the only mandatory condition of probation, i.e., Banks's payment of court costs, reversal is warranted and a remand is necessary to address the matter anew.

That said, trial judges justifiably are frustrated when they lack objective financial information to assess the ability of probationers to pay court-ordered costs. Bemoaning this lack of information, the trial judge noted that "we just trust what the folks are telling us, that, 'I can't pay it.'" If defendants routinely say they can't pay court costs, or fail to provide objective evidence as to their financial status, mandatory community service hours become an option to consider; they don't generate revenue, but they do provide a means for probationers to do something productive to pay back society or better themselves (provided the hours aren't merely make-work).

Finally, to make community service a mandatory alternative, probation orders would simply have to say that defendants must pay court costs or perform community service, and that the willful failure to do one or the other is a violation of probation. Rephrasing the probation order at issue to achieve this result is preferable to

4

an appellate court straining to conclude that "may" means "must." And a community service option is unlike an extension of a tax filing date. A tax extension is not an alternative to a tax filing: it merely postpones the inevitable; a tax return *must* be filed. In contrast, community service is an *alternative* for payment of court costs, albeit an imperfect one (the payment of court costs requires the defendant's money, while community service requires the defendant's labor). Given these differences and distinctions, a court should not impose a mandatory contribution of a defendant's labor in lieu of a payment of money absent clear language of the intent to do so.

WINSOR, J., dissenting.

Patricia Banks fraudulently obtained thousands in welfare benefits. After she was convicted of felony welfare fraud, the trial court sentenced her to probation rather than prison. The probation order imposed conditions, and Banks did not comply with them. None of that is challenged on appeal. The issue is whether Banks's failure to comply was willful. The trial court found it was, and that finding was supported by competent, substantial evidence. We should affirm.

At the revocation hearing, the parties disputed whether Banks had the ability to perform community service. Banks testified that she worked forty hours a week at a sandwich shop and was too tired to do community service on top of that. She admitted she had done zero hours but insisted she just couldn't: "Sir, if I had the ability to do those community service hours, I would have." But the court rejected Banks's testimony and made a factual finding that Banks indeed had the ability to perform community service. The court noted that not all community service requires physical exertion—observing, for example, that Banks could have accrued service hours by sitting in court, watching proceedings.

Banks has not challenged the court's factual finding, and the majority takes no issue with it either. So this appeal does not turn on whether Banks could have done community service; we all accept that she could have. The real question—the one on which the majority and I disagree—is whether her choice to eschew

community service even matters. And that turns on how we interpret the probation order.

The probation order says Banks "will pay" court costs. But it also says she "may perform [community service hours] in lieu of court costs." The majority seizes on the distinction between "will pay" and "may perform" to conclude that the former was mandatory and the latter was permissive. And it is true that "will" or "shall" is generally mandatory and "may" is generally permissive. *See Fla. Bar v. Trazenfeld*, 833 So. 2d 734, 738 (Fla. 2002). But we cannot ignore the context. *Cf. Comcoa, Inc. v. Coe*, 587 So. 2d 474, 477 (Fla. 3d DCA 1991) ("[A]ccording to the context and surrounding circumstances, a statutory 'shall' is to be read as 'may' and vice versa."); *Lomelo v. Mayo*, 204 So. 2d 550, 552 (Fla. 1st DCA 1967) (similar); *cf. also RLS Assocs., LLC v. United Bank of Kuwait PLC*, 380 F.3d 704, 710 (2d Cir. 2004) ("[T]o appreciate whether [a provision] was intended to create a mandatory obligation, as opposed to a discretionary option, a court must read the relevant terms of a provision in full and in context, rather than simply assume that the selection of a particular word was intended to denote the significance lawyers normally intend by its use."). And the context makes clear that Banks did not *have* to pay; she had two independent means of satisfying the relevant probation condition.

Everyone agrees that Banks could have satisfied the condition through community service. Had she performed sufficient community service, nobody could credibly argue that she nonetheless violated by not also paying costs—even though the provision said she "will pay" costs. She never *had* to pay. What she had to do was satisfy the probation condition, which she *may* have done by paying costs—or which she *may* have done though community service. She could choose either, but she could not choose neither.

The majority takes issue with this, saying the court could have worded the order differently. And surely, the court could have said "you must pay and if you don't you must do community service." Or it could have said "you must either pay or do community service." But there is no logical difference between saying on one hand, that someone "shall" do A but nonetheless "may" do B

6

instead of A—and on the other hand saying someone "shall" do either A or B. Either way, the person does not *have* to do A; he may do B instead. It is not that A is mandatory and B is optional.

Suppose a tax law said tax returns "*shall* be filed on or before the 15th day of April following the close of the calendar year." 26 U.S.C. § 6072(a) (emphasis added). And suppose another provision said taxpayers "*may*" obtain from the Secretary of the Treasury "a reasonable extension of time for filing any return." 26 U.S.C. § 6081(a) (emphasis added). Would we say that because "shall" is mandatory and "may" is permissive, all taxpayers *must* file by April 15, whether they secure an extension or not? We shouldn't. Instead, we should read the provisions together and understand that taxpayers may avoid the April 15 deadline by opting for an extension, even though opting for an extension is not mandatory. Although the text says returns "shall be filed" by April 15, it is clear taxpayers don't *have* to file by April 15 if they secure an optional extension. It would be no different if the text said taxpayers "shall either file by April 15 or obtain an extension." It is the same thing.

We therefore ought not focus on whether Banks had the ability to pay, but rather on whether Banks had the ability to satisfy the relevant condition. Indeed, the whole point of requiring an ability to pay before punishing for nonpayment is based on constitutional limitations. "The Equal Protection and Due Process Clauses of the United States Constitution ensure that an indigent probationer is not incarcerated based solely upon inability to pay a monetary obligation." *Del Valle v. State*, 80 So. 3d 999, 1005 (Fla. 2011). But when a probationer can satisfy a condition by paying costs *or* without paying costs (like Banks could), we never face a situation where someone is jailed "based solely upon inability to pay a monetary obligation." *Id.*

Once we accept—as the majority and I have—that (i) Banks could have satisfied the probation condition through community service, (ii) that she had the ability to do community service, and (iii) that she nonetheless chose to not do community service, it inescapably follows that the trial court was justified in finding a willful violation. Neither Banks's financial resources nor the wording of the probation order changes any of this. Nevertheless,

the majority reverses because the probation order said (essentially) "you must do A, but you may do B instead of A," rather than saying "you must do either A or B."

We should affirm.

_____

Andy Thomas, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, Sharon S. Traxler, Assistant Attorney General, and Amanda Stokes, Assistant Attorney General, Tallahassee, for Appellee.