# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4786
_____

GLEN JOSEPH DAVIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

July 22, 2019


PER CURIAM.

Appellant claims that the trial court abused its discretion by revoking his sex offender probation after finding that he was "noncompliant." We agree, reverse the revocation of probation, and remand for further proceedings.

We agree with Appellant that the trial court's finding that Appellant was "noncompliant" was legally insufficient insofar as the court failed to specify—either orally or in writing—each condition of probation that Appellant had violated and indicate that the violation was willful. *See Del Valle v. State*, 80 So. 3d 999, 1012 (Fla. 2011) ("Before a trial court can revoke probation, it must find that the probationer willfully and substantially violated a condition of probation."); *Crowley v. State*, 124 So. 3d 434, 436 (Fla.

1st DCA 2013) (stating that the appellate court is precluded from inferring a finding of willfulness from the trial court's determination that the defendant violated his probation); *Wilson v. State*, 581 So. 2d 255 (Fla. 1st DCA 1991) (reversing the revocation of probation where the trial court concluded that the probationer violated the "terms and conditions" of his probation without making a more specific oral pronouncement or entering a written revocation order reciting the specific violations).

We also agree with Appellant that the State failed to prove that Appellant willfully violated a substantial condition of his probation. At the probation violation hearing, the State presented testimony that Appellant violated his sex offender probation by failing to update his address with the Department of Highway Safety and Motor Vehicles (DHSMV). In *Easterling v. State*, 989 So. 2d 1285 (Fla. 1st DCA 2008), this court held that the failure to comply with this requirement did not constitute a willful and substantial violation of probation where uncontradicted evidence demonstrated that the sex offender made a good faith effort to comply and the only reason he failed to complete the registration was because he lacked $10 to obtain a new license. *Id.* at 1287.

Here, Appellant testified that he was unable to update his driver's license with the DHSMV because he did not have the money to pay the $31 fee. Although defense counsel argued that a willfulness determination necessitated a finding that Appellant had the ability to pay, the court never made the required analysis. *See Del Valle*, 80 So. 3d at 1002 (holding that "before a trial court may properly revoke probation and incarcerate a probationer for failure to pay, *it must inquire* into the probationer's ability to pay and determine whether the probationer had the ability to pay but willfully refused to do so") (emphasis added). Instead of inquiring about Appellant's ability to pay and whether his purported failure was willful, the court brusquely ended the hearing, foreclosing additional argument and testimony.

On appeal, the State asserts that Appellant's inability to pay did not excuse his failure to comply because Appellant had the ability to request an exemption from the fee under section 322.21(1)(f), Florida Statutes, which was added in 2014 and exempts applicants who are homeless or whose annual income is

2

at or below the federal poverty level. Ch. 2014-216, §33, Laws of Fla. Because this statutory provision was not addressed below, it is unclear whether Appellant had the opportunity to obtain an exemption from the fee under section 322.21(1)(f). Accordingly, we reverse and remand for further proceedings to address this issue. *See Deese v. State*, 31 So. 3d 951, 953 (Fla. 1st DCA 2010).

The State also presented testimony at the hearing that Appellant violated his sex offender probation by failing to live at his parents' residence. This was not a basis to revoke Appellant's probation because (1) it was not charged in the probation violation affidavit; (2) although the court indicated at the beginning of the hearing that there was an unspecified "addendum" to the affidavit, no amended affidavit appears in the record; and (3) defense counsel noted that he had not received this "addendum" until the morning of the hearing. *See Raimondi v. State*, 253 So. 3d 749, 751 (Fla. 3d DCA 2018); *Johnson v. State*, 899 So. 2d 436, 438-39 (Fla. 4th DCA 2005). Furthermore, the State failed to prove that any violation was willful where it was undisputed that (1) Appellant's parents refused to let Appellant live with them; (2) Appellant made a good faith effort to find alternative housing with the assistance of his probation officer; and (3) Appellant could not afford the only suitable housing available for sex offenders because he was waiting for his social security disability to be reinstated. *See Selig v. State*, 112 So. 3d 746, 749-50 (Fla. 2d DCA 2013); *Newton v. State*, 996 So. 2d 960, 962-63 (Fla. 2d DCA 2008).

In conclusion, we reverse the revocation of Appellant's sex offender probation and remand for further proceedings on the issue of whether Appellant had the opportunity to obtain an exemption from the fee for updating the address on his driver's license.

REVERSED and REMANDED for further proceedings.

ROWE, JAY, and M.K. THOMAS, JJ., concur.

3

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.